# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICO SYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 1248 |
| ) | |
| RAINBOW APPAREL OF AMERICA, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("Chicago") motion to dismiss Counts V, VI, and IX. For the reasons stated below, we deny Chicago's motion to dismiss to the extent that it relates to Counts V and VI, and grant the motion to dismiss to the extent that it relates to Count IX.

## BACKGROUND

Plaintiff Rico Sykes ("Sykes") claims that on May 18, 2005, at approximately 11:00 a.m., he was sitting in his parked automobile on a side street in Chicago, Illinois. Sykes claims that at the same time, Defendant Johnny Byrd ("Byrd") and Defendant John Jones ("Jones"), off-duty Chicago police officers who were working

1

as security guards for Defendant Rainbow Department Store ("Rainbow"), chased alleged criminals from Rainbow and fired gun shots down the street on which Sykes was parked. Sykes alleges that he was struck in the neck by one of the bullets fired by either Byrd or Jones, and that he has and will continue to suffer physical and mental pain as a result of his injury.

On May 11, 2006, Sykes filed an amended complaint that included a claim of negligence against Byrd and Jones (Count I), a claim of respondeat superior against Rainbow and its corporate affiliates ("Rainbow Defendants") (Count II), a claim of negligence against the Rainbow Defendants (Count III), a claim of willful and wanton conduct against Byrd and Jones (Count IV), a claim for indemnity against Chicago (Count V), a claim of respondeat superior against Chicago (Count VI), another claim of respondeat superior against the Rainbow Defendants (Count VII), a claim under 42 U.S.C. § 1983 ("Section 1983") against Byrd and Jones (Count VIII), a Section 1983 claim against Chicago (Count IX), and a claim of premises liability (Count X). Chicago has moved to dismiss Counts V, VI, and IX.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.

*Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimum notice of claim," *id.*, and the plaintiff cannot satisfy federal pleading requirement merely "by attaching bare legal

3

conclusions to narrated facts which fail to outline bases of [his] claims." *Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991). The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Defendant Chicago has filed a motion to dismiss Counts V, VI and IX.

### I. Indemnification and Respondeat Superior Claims (Counts V and VI)

Chicago first argues that Sykes' indemnification claim in Count V and his respondeat superior claim in Count VI are redundant and therefore moves to dismiss Count VI. Sykes argues that "there is a distinction in the law between the legal theor[ies]" of indemnity and respondeat superior. (Resp. 5). The doctrine of respondeat superior and statutory indemnification under Illinois law are two different concepts. *See Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994)(citing *McCottrell v. Chicago*, 481 N.E.2d 1058, 1060 (Ill. App. Ct. 1985) for the idea that for the doctrine of respondeat superior to apply, "Illinois does not require that the public employee be ordered to pay damages, just that the employee be liable, and 'it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action'"); 745 ILCS 10/9-102 (providing that "[a] local public entity is empowered and

4

directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable"). Under the doctrine of respondeat superior, the employer is liable because of the employee's actions even if the employee is not deemed legally liable, whereas under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, which involved indemnification, the employer is simply responsible for paying any judgments actually entered against the employee. *Id.* Therefore, we deny Chicago's motion to dismiss to the extent that it relates to the redundancy of Count VI.

Chicago also argues that the indemnification claim in Count V and the respondeat superior claim in Count VI should be dismissed because they are barred by 745 ILCS 10/2-109 ("Section 2-109") and 745 ILCS 10/2-202 ("Section 2-202") of the Illinois Tort Immunity Act. (Mot. 3). Section 2-202 states that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. It is too early in this litigation, however, to determine whether Section 2-202 applies to the instant action. Section 2-109 states that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Sykes, however, alleges that Byrd's and Jones' actions were willful and wanton when they, for example, allegedly "discharged [a] weapon without looking for innocent bystanders

5

or taking proper aim . . . ." (A. Compl. 8-10). Therefore, at this stage in the litigation, we find that Sykes has made sufficient allegations to survive a motion to dismiss and, thus, we deny Chicago's motion to dismiss to the extent that it relates to the application of the Illinois Tort Immunity Act to Counts V and VI. We note that Sykes will need to point to sufficient evidence supporting his allegations, which are accepted as true at this stage in the litigation, in order to survive a motion for summary judgment.

## II. Section 1983 (Count IX)

Chicago has moved to dismiss Count IX of Sykes's amended complaint, in which he alleges a Section 1983 claim against Chicago. The doctrine of respondeat superior cannot be utilized to hold local governmental units liable for violations pursuant to Section 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking

6

authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

In the instant action, Chicago argues that Sykes has failed to "allege the existence of an express municipal policy, a municipal custom or practice, or that a person with final policymaking authority caused the injury." (Mot. 2). Sykes' amended complaint does list a number of alleged Chicago police policies, including that Chicago "requires every member of the police force to be aware that while technically off-duty, they are subject to respond to any emergency requiring police assistance or service; that police rules, in effect, require police officers to be on duty 24 hours a day . . .; that an off-duty police officer is authorized and encouraged to carry a weapon; . . . ." (A. Compl. 13-14). None of these alleged policies, however, are the cause of Sykes' alleged injuries. *See Kujawski*, 183 F.3d at 737 (stating that a municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is *caused* by a municipal policy or custom")(emphasis added). The connection between these alleged policies and Sykes' alleged injuries is too attenuated to state a claim under Section 1983. Sykes' amended complaint also fails to allege that any persons with final decision making authority caused Sykes' alleged injuries. Therefore, we grant Chicago's motion to dismiss to the extent that it relates to Count IX.

## CONCLUSION

Based on the foregoing analysis, we deny Chicago's motion to dismiss to the extent that it relates to Counts V and VI, and grant the motion to dismiss to the extent that it relates to Count IX.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 2, 2006